UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MICHAEL PADGETT**                                                                 **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:25-CV-P143-JHM**

**WARDEN LAURA PLAPPERT et al.**                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Padgett, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some claims will be dismissed, while some will proceed.

### I. STATEMENT OF CLAIMS

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), sues in their individual and official capacities KSP Warden Laura Plappert; Ms. Heather, APRN currently at Luther Luckett Correctional Complex; Amy Mitchell, a secretary at KSP; Ms. Kelly Kneely, KSP Director of Nursing; Robin McCalister, KSP grievance coordinator; and Wellpath, KSP's medical provider.

Plaintiff alleges that while at the Eastern Kentucky Correctional Complex (EKCC) where he was previously housed, he discovered a "large mass growing in his left shoulder-blade." He states that other than an ultrasound, he was provided no treatment, despite the mass growing at "an alarming rate."[1]

After he was transferred to KSP, Plaintiff requested that the mass be removed and sent to a lab for testing. On July 6, 2025, a medical procedure to remove the mass was undertaken by

---

[1] The Court severed Plaintiff's claims related to the alleged failure to treat the "mass" by EKCC Wellpath personnel from this case and transferred them to the Eastern District of Kentucky. *See* DN 11.

Defendant Heather who was assisted by Defendant Mitchell, a secretary with no medical qualifications. After Defendant Heather made a deep incision exposing bone, Defendant Mitchell passed out and fell to the floor, at which point all medical personnel left Plaintiff's side to attend to Defendant Mitchell. According to Plaintiff, blood "pour[ed] out of my back" with no one applying pressure for nearly five minutes.[2] He further alleges that the incision was not made on the tumor where it was supposed to be but rather in the middle of his back, where it severed blood vessels and required stitches to close. Plaintiff states that the procedure was meant to remove the suspected tumor and send it to a lab to determine if it was cancerous; instead, the mass was not removed, and it continues to grow.

      Plaintiff alleges that Defendants Plappert, Wellpath, Heather, and Kneely exposed him to an unreasonable risk of harm in recklessly allowing a secretary to perform a surgical procedure. He further asserts that Defendant Heather, as an APRN, was not qualified to perform the "surgical operation" and by doing so, she violated Kentucky law and the Eighth Amendment. He further alleges that Defendants Kneely and Plappert failed to supervise their subordinates by allowing a secretary to assist with the procedure and that Defendants Plappert and Kneely were liable regarding the surgical procedure as supervisors. Plaintiff also alleges negligence and medical malpractice arising from the medical procedure performed by Defendant Heather assisted by Defendant Mitchell.

Plaintiff further alleges that Defendant McCalister engaged in a conspiracy to thwart his ability to exhaust his claims through the grievance system. Plaintiff attaches to his complaint an August 18, 2025, letter to Defendant McCalister indicating that she had denied his first grievance and recommended that he refile it, which he did. The letter states that she had not responded to his

---

[2] Plaintiff had been restrained for the procedure and therefore unable to help himself.

second grievance and that he would file a third grievance. He also attaches a copy of the grievance dated August 18, 2025.

Plaintiff requests compensatory and punitive damages and injunctive and declaratory relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims

Defendants Plappert, Mitchell, and McCalister are state employees. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, the official-capacity claims against Defendants Plappert, Mitchell, and McCalister, employees of the Commonwealth of Kentucky, for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

Defendants Kneely and Heather appear to be Wellpath employees. Municipal-liability analysis applies to § 1983 claims against private corporations like Wellpath. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Harvey v. Harvey*, 949 F. 2d 1127, 1129 (11th Cir. 1992) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.")). Wellpath cannot be held liable on the basis of *respondeat superior*, or the right to control employees, for the actions of its employees. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001); *Ruley v. S. Health Partners*, No. 4:10-CV-P34-M, 2011 WL 2214998, at *4 (W.D. Ky. June 6, 2011). Instead, liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Street*, 102 F.3d at 817; *see also Starcher*, 7 F. App'x at 465 ("CMS's [Correctional

4

Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Because Plaintiff has not alleged the existence of a Wellpath custom or policy or the inadequacy of employee training responsible for the alleged constitutional violations, the Court will dismiss the official-capacity claims against Defendants Wellpath, Kneely, and Heather.

### B. Eighth Amendment, negligence, and medical malpractice

The Court assumes for the purpose of this review that the "mass" on Plaintiff's shoulder constitutes a serious medical need and will allow Plaintiff's Eighth Amendment deliberate-indifference claims to go forward against Defendants Plappert, Heather, and Kneely in their individual capacities and in their official capacities for injunctive and declaratory relief.

Additionally, the Court will allow Plaintiff's negligence claim to go forward against Defendant Mitchell, and his medical malpractice claim to continue against Defendants Heather, Kneely, and Wellpath.

### C. Supervisory liability

Plaintiff alleges that Defendants Kneely and Plappert failed to supervise their subordinates by knowingly allowing a "secretary to perform a surgical operation." He states that Defendant Kneely, knowing of Defendant Mitchell's lack of medical training, "signed off and approved the surgical procedure . . . and assigned . . . Mitchell, a secretary and unlicensed individual to participate." He further alleges that Defendant Plappert was made aware of the procedure and Defendant Mitchell's assignment before the procedure yet failed to take action to prevent it.

The doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot

be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Moreover, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Id.* (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Plaintiff has not alleged a supervisory liability claim against Defendant Plappert for knowing about but not stopping the procedure. *See Leary*, 349 F.3d 903 ("simple awareness of employees' misconduct does not lead to supervisor liability"); *Shehee*, 199 F.3d at 300 ("'a mere failure to act'" not enough for supervisory liability). However, because Plaintiff alleges active participation of Defendant Kneely in assigning Defendant Mitchell to participate in the procedure, he plausibly states a supervisor liability claim against Defendant Kneely.

As for Wellpath, as set forth above, its liability must be based on a Wellpath policy, custom, or inadequate employee training, s*ee Street*, 102 F.3d at 817; *Starcher*, 7 F. App'x at 465, which Plaintiff does not allege. Accordingly, the Court will dismiss Plaintiff's supervisory liability claims against Wellpath.

### D. Conspiracy to thwart exhaustion

Plaintiff alleges that Defendant McCalister, KSP's grievance coordinator, "thwarted" his access to the grievance procedures, rejected his grievance for an "unjustified reason," and failed to respond to his grievance. She also allegedly rejected his grievance about her having misplaced or destroying grievances filed by Plaintiff and other inmates to prevent legitimate claims from proceeding in court.

Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."). Consequently, "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) (citing cases). "Further, if the prison provides a grievance process, violations of its procedures . . . do not rise to the level of a federal constitutional right." *Weddle v. Dunbar*, No. 1:15CV-P9-GNS, 2015 WL 2213356, at *5 (W.D. Ky. May 11, 2015) (citing *Walker*, 128 F. App'x at 445). Consequently, the Court will dismiss the claim against Defendant McCalister for failure to state a claim upon which relief may be granted.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims for monetary relief from Defendants Plappert, Mitchell, and McCalister in their official capacities; his official-capacity claims against Defendants Wellpath, Kneely, and Heather; his claim against Defendant McCalister; and his supervisory liability claim against Defendants Plappert and Wellpath are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and for seeking monetary relief from Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915A(b)(2).

Because no claims remain against Defendant McCalister, **the Clerk of Court is DIRECTED to terminate Defendant McCalister** as a party to this action.

Plaintiff's Eighth Amendment deliberate-indifference claims against Defendants Plappert, Heather, and Kneely in their individual capacities and in their official capacities for injunctive and declaratory relief; his negligence claim against Defendant Mitchell; his medical malpractice claim against Defendants Heather, Kneely, and Wellpath, Inc.; and his Eighth Amendment supervisory liability claim against Defendant Kneely will continue. In allowing these claims to continue, the Court expresses no opinion on their ultimate merit.

**The Clerk of Court is DIRECTED to add Wellpath, Inc.** as a Defendant in this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel the production of his prison trust account statement is **DENIED as moot** (DN 8).

The Court will enter a Service and Scheduling Order to govern the development of the remaining claims.

Date: February 9, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009