**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

MICHAEL PADGETT                                                                PLAINTIFF

v.                                                          CIVIL ACTION NO. 5:25-CV-P143-JHM

WARDEN LAURA PLAPPERT et al.                                       DEFENDANTS

<u>**MEMORANDUM AND OPINION**</u>

Before the Court are five motions pertaining to discovery filed by Plaintiff.

**Motion for depositions (DN 33)**

Plaintiff's motion for depositions (DN 33) asks to depose witnesses and nonparties. He states that he has no money to pay for discovery but wishes to depose them at a place of the Court's choosing or alternatively seeks an Order directing them to answer written questions.

If Plaintiff wishes to take the deposition of any non-party, Plaintiff must serve a subpoena on that individual under Fed. R. Civ. P. 45(b)(1), which provides, in pertinent part, that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." This Rule requires the simultaneous tendering of the witness fee, or $40, as well as the estimated mileage expenses, with the service of a subpoena. *Hazelwood v. Webb*, No. 4:06-CV-P107-M, 2007 WL 2815583, at *2 (W.D. Ky. Sept. 26, 2007) (citing *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494 (9th Cir. 1983)). Failure to tender fees and mileage expenses renders the subpoena invalid and releases the witness of any obligation to appear. *See, e.g.*, *Andreola v. Wisconsin*, No. 04-C-0282, 2006 WL 897787, at *10 (E.D. Wis. Apr. 4, 2006) (citing Wright & Miller, Federal Practice and Procedure: Civil 2d § 2454 at 25-26 (West 1995)). Although Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Sixth Circuit has held that § 1915

does not provide statutory authority for the Court to waive witness fees, *Hazelwood*, 2007 WL 2815583, at *2 (citing *Johnson v. Hubbard*, 698 F.2d 286, 290 (6th Cir. 1983)), or other deposition expenses. *Salami v. Trombley*, No. 19-11558, 2021 WL 1253301, at *1 (E.D. Mich. Apr. 5, 2021) (collecting cases); *Coates v. Kafczynski*, 2:05-CV-3, 2006 WL 416244, at *2 (W.D. Mich. Feb. 22, 2006) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).") (citation omitted).

A party may depose a non-party through written questions in accordance with Fed. R. Civ. P. 31. However, doing so also entails fees that the Court may not waive. As explained in a case in the Eastern District of Kentucky:

> The deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not. . . . The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (*i.e.*, the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written recross-examination questions for the witness. When all the questions—without any answers—are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. (The deposition officer can be any person authorized by law to administer oaths, *see* Fed. R. Civ. P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendant. To depose a non-party on written questions, that witness must be subpoenaed. To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court

2

reporter fee, and the cost of a transcript of the proceedings.  The procedure is not much cheaper than an oral deposition unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness.

*May v. Akers*, No. 5:21-CV-182-DCR-HAI, 2022 WL 22861958, at *1-2 (E.D. Ky. May 13, 2022)

(quoting *Lopez v. Horel*, No. C 06-4772 SI (pr), 2007 WL 2177460, at *2 n.2 (N.D. Cal. July 27,

2007)).

Here, Plaintiff states that he does not have the ability to pay any discovery fees.  Therefore,

**IT IS ORDERED** that Plaintiff's motion for depositions (DN 33) is **DENIED**.

**Motion for a protective order (DN 34)**

Plaintiff's motion for a protective order (DN 34) asks the Court for an Order to preserve

and protect all evidence including video footage pertaining to the July 6th, 2025, medical incident

at issue in this case.

Defendant Laura Plappert (DN 38) responds that the video of the event in the medical room

on July 6, 2025, was not preserved, and that video of staff related emergencies generally are not

saved.

"A party cannot be compelled to produce documents which do not exist or which it does

not possess or control."  *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-CV-00904, 2008 WL

4951792, at *2 (S.D. Ohio Nov. 17, 2008) (and cases cited therein); *see also Young v. Hooks*, No.

2:16-CV-250, 2020 WL 415609, at *7 (S.D. Ohio Jan. 27, 2020) ("Defendant has represented that

no video of the allege incident exists.  The Court cannot compel Defendant to produce something

that does not exist.").  Given Plappert's representation that no video exists and the fact that she has

now certified that all relevant evidence has been produced to Plaintiff (DN 40),[1]

---

[1] Per the Court's Scheduling Order (DN 13), the discovery period ended on July 9, 2026.  Defendants Wellpath, Heather Madahar, Kelly Neely, and Amy Mitchell certified their production of relevant documents and records on July 1, 2026 (DN 37).  On July 8, 2026, Defendant Plappert filed her certification that discovery had been completed

**IT IS ORDERED** that Plaintiff's motion (DN 34) is **DENIED**.

**Motions to compel and extend discovery (DNs 35, 36, and 41)**

Plaintiff's motion for extension of the discovery period (DN 35) requests an extension until October 9, 2026, because, he states, he propounded discovery on Defendants on May 12, 2026, and June 1, 2026, with no response. Plaintiff's motion to compel production (DN 36) argues that Defendants should be compelled to answer the unanswered discovery requests and that he be awarded $100 in sanctions.

Defendant Plappert responded (DNs 38 and 39) providing the dates responses to Plaintiff's discovery were signed and placed in the mail. She asserts that while Plaintiff is mistaken about the date of his first set of requests for production of documents, her responses to both of Plaintiff's requests for production were mailed on June 30, 2026.

Plaintiff filed another motion to compel production (DN 41), which he placed in the prison mail system on July 8, 2026, only two days after Defendant Plappert filed DN 39 and probably before he received DN 39. The motion states that Plappert has not provided documents or records responsive to his requests and that his attempts to confer with counsel have not been acknowledged. He attaches his requests for production of documents.

Because Plappert has represented that she responded to Plaintiff's discovery requests on June 30, 2026,

---

and she had responded to Plaintiff's discovery requests (DN 40). Plaintiff did not certify that his production of relevant records or documentation is complete. He did, however, file his pretrial memorandum before the August 8th, 2026, deadline (DN 32).

5

**IT IS ORDERED** that Plaintiff's motions to extend the time for discovery, to compel, and for sanctions (DNs 35, 36, and 41) are **DENIED**.

Date:   July 21, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
4414.009